UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
FAYETTEVILLE DIVISION

IN THE MATTER OF: CASE NUMBER:

**Sandra Kaye McMullen**   09-09518-8-SWH
SS#: xxx-xx-0359
Mailing Address:
    7049 Candlewood Drive
    Fayetteville, NC 28314

    Debtor. Chapter 7

## MOTION TO DETERMINE APPLICABILITY
## OF 11 U.S.C. §§ 521(a)(6), 521(a)(2)(C), 521(d) AND 362(h)

    NOW COMES the debtor, through her attorney, and hereby moves the court to enter an Order determining that 11 U.S.C. §§ 521(a)(6), 521(a)(2)(C), 521(d) and 362(h) are inapplicable in her case in regards to Pentagon Federal Credit Union (hereinafter "Pentagon") and it claim secured by a lien against a 2005 Mazda 3 vehicle (hereinafter "debt"). In support of this motion, the debtor shows unto the court the following:

    1. The above-referenced debtor filed a Voluntary Petition under chapter 7 of the United States Bankruptcy Code on October 30, 2009, and on such date also filed her Chapter 7 Debtor's Individual Statement of Intentions, indicating thereon, among other things, that she intended to reaffirm the debt with Pentagon.

    2. The section 341 Meeting of Creditors was held in the debtor's case on December 18, 2009, and the debtor timely performed her stated intention with respect to Pentagon by entering into a reaffirmation agreement on December 30, 2009.

    3. A hearing on the debtor's proposed reaffirmation agreement with Pentagon was held in Fayetteville on March 4, 2010, with the debtor and her attorney in the underlying bankruptcy case being present, and with the honorable Stephani W. Humrickhouse, United States Bankruptcy Judge, presiding. At the March 4, 2010 hearing, the debtor's counsel advised the court that the debtor intended to rescind her reaffirmation agreement with Pentagon.

    4. In order to protect and preserve the debtor's rights in this matter, simultaneous with the filing of this motion, the debtor has filed a Motion to Delay Entry of Discharge and Confirming that Stay Remains in Effect, and it is the debtor's intention that her rescission of the reaffirmation shall become effective as of the date and time of any Order by this court allowing said Motion to Delay.

    5. As of the rescission of the reaffirmation agreement with Pentagon, the debtor will remain in compliance with 11 U.S.C. §§ 521(a)(2)(A) and 362(h)(1)(A), but will no longer be in

compliance with 11 U.S.C. §§ 521(a)(6), 521(a)(2)(B) or 362(h)(1)(B). Nevertheless, the debtor contends that such sections are not applicable under the circumstances of her case, and that as a consequence, the debtor may retain possession of the vehicle without actually entering into a reaffirmation agreement with Pentagon, and that any "default upon bankruptcy" clause which may be contained in its underlying contract with the debtor is unenforceable.

### Inapplicability of 11 U.S.C. § 521(a)(6)

6. The plain language of 11 U.S.C. § 521(a)(6) provides that such section is only applicable in situations where the secured creditor demanding reaffirmation of a debt has "an allowed claim for the purchase price" of personal property of the debtor.

7. The proposed reaffirmation agreement which is the subject of this motion was prepared by Pentagon, and on its face reflects that the amount to be reaffirmed is $8,205.84, while the original purchase price on the debt was $20,087.45.

8. In addition, in order for a claim to be "allowed" in a bankruptcy case, such claim must be filed, *In re Donald*, 343 B.R. 524, 536 (Bankr. E.D.N.C. 2006), but the debtor's case has been classified as a "no asset" case and Pentagon has not filed a claim.
.
9. Since Pentagon has neither an "allowed claim" nor a claim for the "purchase price" price of the property securing its claim, 11 U.S.C. § 506(a)(6) is inapplicable in this case. *In re Hinson*, 352 B.R. 48, 51-52 (Bankr. E.D.N.C. 2006).

### Inapplicability of 11 U.S.C. §§ 521(a)(2)(C) and 362(h)

10. Pursuant to 11 U.S.C. § 521(a)(2)(A), a debtor must timely file a Statement of Intentions, and pursuant to § 521(a)(2)(B) a debtor must timely perform such intentions. However, pursuant to 11 U.S.C. § 52(a)(2)(C), the failure of the debtor to file such Statement or perform such intentions does not alter the debtor's rights with regard to such property, except as provided in 11 U.S.C. § 362(h).

11. 11 U.S.C. § 326(h) provides for the conditional lifting of the automatic stay as against personal property of the estate or of the debtor which secures a claim, in whole of part. Specifically, subsections (1)(A) and (1)(B) of section 362(h) provide for the lifting of the stay of the debtor fails to both timely file "any statement of intention required under section 521(a)(2)" and "to take timely the action specified in such statement . . .."Subsection (1)(A) further requires the debtor to indicate on the Statement of Intention that he or she intends to either redeem the property securing a claim, or to enter into a reaffirmation agreement regarding the secured debt.

12. The use of the word "and" between subsections (1)(A) and (1)(B) of section 362(h) clearly indicates that for the stay lifting provisions contained section 362(h) to be applicable, the debtor must fail to *both* file a Statement of Intentions *and* perform those intentions. Had

Congress intended that the stay would lift if the debtor failed to *either* file the Statement of Intentions *or* to perform those intentions, then the conjunction "or" would appear at the end of subsection (1)(A).

13. Since the debtor filed her Statement of Intention within the time allowed under 11 U.S.C. § 521(a)(2)(A), and further since she indicated on such Statement of Intentions an intent to reaffirm the debt with Pentagon, section 362(h) is not applicable in this case by virtue of section 521(a)(C).

14. Furthermore, even if section 362(h) were applicable, such section merely provides for the lifting of the automatic stay with respect to property securing a claim, but does not allow for the enforcement of any "default upon bankruptcy" clause which may appear in any contract between the debtor and the secured creditor.

### Inapplicability of 11 U.S.C. § 521(d) and 362(h)

15. 11 U.S.C. § 521(d) provides that nothing in the Bankruptcy Code shall prevent or limit a "default upon bankruptcy" clause, which type of clause had been held unenforceable in the circuit prior to the enactment of BAPCPA under *In re Belanger*, 962 F.2d 345 (1992).

16. Notwithstanding, § 521(d) is applicable only in those circumstances where a debtor "fails timely to take the action specified in [521](a)(6) . . ., or in paragraphs (1) *and* (2) of section 362(h)" (emphasis added).

17. As stated above, § 521(a)(6) is not applicable in this case, and "[b]ecause § 521(a)(6) is not applicable here, the only way for an ipso facto provision to be enforced under § 521(d) is if the debtor failed to comply with § 362(h)(1)-(2)." *In re Hinson,* 352 B.R. at 52.

18. Like § 362(h)(1), § 521(d) uses the conjunction "and," indicating that for such section to apply, the debtor must fail *both* to file a Statement of Intention and fail to perform the stated intentions - failure to do only one or the other does not trigger application of § 521(d).

19. Since the debtor filed her Statement of Intention within the time allowed under 11 U.S.C. § 521(a)(2)(A), and further since she indicated on such Statement of Intentions an intent to reaffirm the debt with Pentagon, she will remain in compliance with § 362(a)(1)(A) regardless of whether she has entered into a reaffirmation agreement with Pentagon.

20. As a consequence, 11 U.S.C. § 521(d) is not applicable in this case, notwithstanding the rescission of the reaffirmation agreement with Pentagon by the debtor, and any "default upon bankruptcy" clause contained in its contract remains unenforceable under the principles set for in *Belanger*.

WHEREFORE, the debtor prays the court to enter an Order declaring 11 U.S.C. §§ 521(a)(6), 521(a)(2)(C), 521(d) and 362(h) to be inapplicable in this case as pertaining to

Pentagon and its debt, notwithstanding the fact that the debtor has rescinded her reaffirmation agreement with Pentagon, and for such other and further relief as this court deems just and proper.  In the alternative, the debtor requests that she be allowed an additional 30 days from the date of the entry of any Order denying her the relief requested herein in which to file another reaffirmation agreement with Pentagon.  In the further alternative, the debtor requests a hearing.

    Date:  March 9, 2010

**Law Offices of John T. Orcutt, P.C. by**

 s./ Joseph A. Bledsoe, III
Joseph A. Bledsoe, III
Attorney at Law
6616-203 Six Forks Road
Raleigh, NC 27615
(919) 847-9750
NC State Bar No.: 19817
jbledsoe@johnorcutt.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
FAYETTEVILLE DIVISION

| | |
|---|---|
| IN THE MATTER OF: | CASE NUMBER: |
| **Sandra Kaye McMullen** | **09-09518-8-SWH** |
| SS#: xxx-xx-0359 | |
| Mailing Address: | |
|     7049 Candlewood Drive | |
|     Fayetteville, NC 28314 | |
| Debtor. | Chapter 7 |

**NOTICE OF MOTION**

The Debtor has filed papers with the court requesting it to determine whether or not 11 U.S.C. §§ 521(a)(6), 521(a)(2)(C), 521(d) and 362(h) are applicable in her case as regarding Pentagon Federal Credit Union.

Your rights may be affected.  You should read these papers carefully and discuss them with your attorney, if your have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)

If you do not want the court to grant the relief sought in this motion, or if you want the court to consider your views on the motion, then on or before fifteen (14) days after the date on this notice, you or your attorney must file with the court, pursuant to Local Rule 9013-1 and 9014-1, a written response, an answer explaining your position, and a request for hearing at: **Clerk, U.S. Bankruptcy Court, 1760-A Parkwood Boulevard, Wilson, NC 27893-3564**.  If you mail your response to the court for filing, you must mail it early enough so that court will **receive** it on or before the date stated above.   **You must also mail a copy to the following**:

| | |
|---|---|
| John T. Orcutt<br>Attorney<br>6616-203 Six Forks Rd.<br>Raleigh, NC  27615 | Michael P. Peavey<br>Chapter 7 Trustee<br>P.O. Box 1115<br>Wilson, NC  27894- |

If a response and a request for hearing is filed in writing on or before the date set above, a hearing will be conducted on the motion at a date, time and place to be later set and all parties will be notified accordingly.  If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in this motion and may enter an order granting that relief.

Dated: March 9, 2010

                                                                    **LAW OFFICES OF JOHN T. ORCUTT, P.C.**

                                                            s/ Joseph A. Bledsoe, III
                                                          Joseph A. Bledsoe, III
                                                          NC State Bar No. 19817
                                                          6616-203 Six Forks Road
                                                          Raleigh, NC  27615
                                                          (919) 847-9750

## CERTIFICATE OF SERVICE

I, Joseph A. Bledsoe, III, of the Law Offices of John T. Orcutt, P.C., do hereby certify that I am, and at all times hereinafter mentioned was, more than eighteen (18) years of age; and that on this day, I served copies of the foregoing Motion to Determine Applicability of 11 U.S.C. §§ 521(a)(6), 521(a)(2)(C), 521(d) and 362(h), along with the Notice of said motion, upon the following parties:

Michael P. Peavey
Chapter 7 Trustee
P. O. Box 1115
Wilson, NC 27894

Pentagon Federal Credit Union
Office of the General Counsel
Attn.: Manager/Director
P. O. Box 1432
Alexandria, VA 22313-2032

Unless **automatic electronic noticing** was indicated on the confirmation provided by the Court upon the filing of said Motion, service was accomplished by regular, U.S. mail, first-class postage pre-paid.

It is under penalty of perjury that I certify the foregoing to be true and correct.

DATE:  March 9, 2010

**Law Offices of John T. Orcutt, P.C. by**

 s./ Joseph A. Bledsoe, III
Joseph A. Bledsoe, III